# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 19-cv-62570/GAYLES

**JAHFARIEL MORIAN BEY,**

    Plaintiff,

v.

**STATE OF FLORIDA,**

    Defendant.
_____/

## ORDER DISMISSING CASE

**THIS CAUSE** comes before the Court on a *sua sponte* review of the record. On October 16, 2019, Plaintiff Jahfariel Morian Bey, appearing *pro se*, brought this action against the State of Florida and moved to proceed *in forma pauperis*. [ECF Nos. 1, 3]. Because Plaintiff has moved to proceed *in forma pauperis*, the screening provisions of the Prison Litigation Reform Act, 28 U.S.C. § 1915(e), are applicable. Pursuant to that statute, the court is permitted to dismiss a suit "any time [ ] the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id*. § 1915(e)(2).

The standards governing dismissals for failure to state a claim under § 1915(e)(2)(B)(ii) are the same as those governing dismissals under Federal Rule of Civil Procedure 12(b)(6). *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). To state a claim for relief, a pleading must contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8. Additionally, Rule 10(b) of the Federal Rules of Civil

Procedure requires that a party "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The Eleventh Circuit has explained that the purpose of these rules is "to require the pleader to present his claims discretely and succinctly, so that, his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not." *T.D.S. Inc. v. Shelby Mutual Ins. Co.*, 760 F.2d 1520, 1544 n.14 (11th Cir. 1985) (Tjoflat, J., dissenting).

To survive a motion to dismiss, a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff, *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). In reviewing the complaint, the Court applies the "liberal construction to which *pro se* pleadings are entitled." *Holsomback v. White*, 133 F.3d 1382, 1386 (11th Cir. 1998). However, liberal construction cannot serve as a substitute to establishing a valid cause of action. *See GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998). At bottom, the question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011).

Here, in place of a complaint, Plaintiff filed a Writ of Prohibition (the "Writ") and an Affidavit of Fact (the "Affidavit"), which are replete with deficiencies. [ECF No. 1 at 1–5]. The Court extracts from Plaintiff's muddled Writ and Affidavit that he was unlawfully arrested on June

15, 2019, by Broward County police officials for (1) possession of THC; (2) possession of cannabis less than 20 grams; and (3) driving with a suspended license. [ECF No. 1 at 3, 6–7]. Plaintiff appears to base his claim on the fact that he is an "Aboriginal Indigenous" person who has the right to "preserve and use" cannabis. *Id.* at 3. But Plaintiff fails to identify in his Writ the state action he seeks to prohibit. He also fails to set forth in his Affidavit "claims or defenses in numbered paragraphs," Fed. R. Civ. P. 10(b), and instead makes general assertions about the law that are divorced from any particular causes of action. *See e.g.*, [ECF No. 1 at 4 ("Considering the constitution is the supreme law of the land, set at article 6, being a contract: the federal (contract) law is the American constitution."); ("If there is no injured party present nor the agent of the injured party with a contract between the injured party and his/her agent, who also entered into the record a sworn affidavit of claims made against me and can attest to the same then that stands as prima facia evidence that there is no case.")]. Because Plaintiff's Affidavit lacks succinct factual allegations, Defendant cannot "discern what [Plaintiff] is claiming and frame a responsive pleading[.]" *T.D.S. Inc.*, 760 F.2d at 1544 n.14.

Additionally, Plaintiff fails to provide support for his bare assertions that his constitutional rights were violated. Plaintiff asserts that his "5th and 6th Amendment [] rights to due process have been violated" because he has "not been presented with any signed affidavit of claims or accusations made against [him] by an injured party which would lead a grand jury to present an indictment" to him. [ECF No. 1 at 5]. First, the Fifth Amendment is inapplicable to Plaintiff's claims because "the acts complained of were committed by state rather than federal officials." *Riley v. Camp*, 130 F.3d 958, 972 n.19 (11th Cir. 1997). Second, Plaintiff fails to link his factual allegations to any Sixth Amendment protections. And to the extent Plaintiff intends to allege a Fourth Amendment claim for either false arrest or malicious prosecution, he has failed to

sufficiently "allege facts suggesting that [he] was arrested or prosecuted with malice and without probable cause." *Davis v. Markley*, 601 F. App'x 799, 802 (11th Cir. 2015). Accordingly, Plaintiff has failed to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

(1) Plaintiff's Complaint [ECF No. 1] is **DISMISSED without prejudice**;

(2) All pending motions are **DENIED as moot**; and

(3) Should Plaintiff wish to amend his Complaint, he shall do so by **December 9, 2019**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 8th day of November, 2019.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE